UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| TONY GARNER,<br><br>    Petitioner,<br><br>v.<br><br>J. GILLEY, WARDEN,<br><br>    Respondent. | Civil Action No. 6:22-CV-149-CHB<br><br>**<u>MEMORANDUM OPINION</u>**<br>**<u>AND ORDER</u>** |

\*\*\* \*\*\* \*\*\* \*\*\*

Tony Garner is a federal prisoner at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Garner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Respondent then filed a response in opposition to Garner's petition [R. 10], and Garner filed a reply brief [R. 15]. Thus, Garner's petition is now ripe for a decision. For the reasons set forth below, the Court will deny Garner's petition.

In 2003, Garner pled guilty to being a felon in possession of a firearm. *See United States v. Garner*, No. 1:03-cr-00095, at R. 20 (S.D. Ala. 2003). The district court determined that Garner was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had three or more prior convictions for violent felonies or serious drug offenses, and it ultimately sentenced him to 327 months in prison. *See id.* at R. 38. Garner appealed his conviction and sentence, but the United States Court of Appeals for the Eleventh Circuit eventually affirmed the district court's judgment. *See United States v. Garner*, 157 F. App'x 117 (11th Cir. 2005).

Garner later moved to vacate his sentence pursuant to 28 U.S.C. § 2255, and he argued, among other things, that his prior third-degree burglary conviction in Alabama was not a qualifying predicate offense for purposes of an ACCA enhancement. *See Garner*, No. 1:03-cr-00095, at R. 51. The district court, however, denied Garner's motion and entered a corresponding judgment. *See id.* at R. 58, R. 59. Garner then continued to file numerous related motions, including but not limited to a motion for reconsideration and multiple additional § 2255 motions, but the district court repeatedly denied his requests for relief. *See, e.g., id.* at Rs. 60–71, 73, 75–87, 91–92, 103–112.

In 2015, while Garner was incarcerated at a federal prison in Atlanta, Georgia, he filed a § 2241 petition with the United States District Court for the Northern District of Georgia, and he once again argued that his Alabama burglary conviction was not a qualifying ACCA predicate offense. *See Garner v. Drew*, No. 1:15-cv-00255-WSD, at R. 1 (N.D. Ga. 2015). The Northern District of Georgia, however, dismissed Garner's petition and denied his request for reconsideration. *See id.* at Rs. 17–20. Garner did not appeal.

In 2018, Garner field yet another § 2241 petition, which was later transferred to the United States District Court for the District of Maryland since Garner was incarcerated at a federal prison in that state. *See Garner v. Warden*, No. 1:19-cv-02007-GLR, at R. 1, R. 19 (D. Md. 2018). Garner again argued that his ACCA-enhanced sentence was improper, and, to support his petition, he relied on *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014). *See Garner*, No. 1:19-cv-02007-GLR, at R. 1. The District of Maryland, however, dismissed Garner's petition and declined to issue a certificate of appealability. *See id.* at R. 30.

Garner is now incarcerated in this judicial district, and he filed a § 2241 petition with this Court. [R. 1]. Once more, Garner argues that his ACCA-enhanced sentence is no longer valid,

and he again relies on *Descamps* and *Howard* for support, as well as other decisions, including but not limited to the Supreme Court's ruling in *Mathis v. United States*, 579 U.S. 500 (2016). Ultimately, Garner suggests that this Court should vacate his sentence so that he can be resentenced without the ACCA enhancement.  *See* [R. 1, p. 6].

Garner's petition, however, constitutes an impermissible collateral attack on his underlying sentence.  While a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a habeas petition under § 2241).  After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, Garner cannot use his § 2241 petition as a way of challenging his sentence.

It is true that there is a narrow exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition.  *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). But, in *Hill*, the United States Court of Appeals for the Sixth Circuit expressly limited its decision to a set of very narrow circumstances.  *See id.* at 599–600.  And, more recently, the Sixth Circuit clearly explained that, to the extent a petitioner's claims were or could have been raised in a prior § 2241 petition, they are successive or an abuse of the writ and need not be further addressed. *Dotson v. Kizziah*, 966 F.3d 443, 444–45 (6th Cir. 2020) (citing *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765–66 (6th Cir. 2008)).

In light of the foregoing, Garner's petition is unavailing.  As the Respondent correctly points out, *see* [R. 10, pp. 7–8], Garner's claims regarding his ACCA-enhanced sentence were (or

3

at the very least could have been) litigated in his § 2241 proceedings before the federal district courts in both Georgia and Maryland. Moreover, Garner has not identified any legal authority that would allow him to reassert his same arguments, for a third time, simply because he has since been transferred to a federal prison in this judicial district. Thus, consistent with Sixth Circuit case law, including the decision in *Dotson*, the Court will deny Garner's petition as impermissibly successive or otherwise an abusive of the writ.

Accordingly, the Court **ORDERS** as follows:

1. Garner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 17th day of January, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY